■ MILTON MAYEFSKY, Individually and as Guardian ad Litem of MARK S. MAYEFSKY, Appellant, v. HARRY TURETZKY, Doing Business as TUREY HOTEL, Respondent. MILTON MAYEFSKY et al., Appellants, HARRY TURETZKY, Doing Business as TUREY HOTEL, Respondent.— Appeal from so much of an order of the Supreme Court at Special Term as denied plaintiffs' motion for an order changing the place of trial from Sullivan County to Queens County for convenience of witnesses. Plaintiffs, residing in Queens County, brought action in Sullivan County, where defendant resides, to recover for personal injuries alleged to have resulted from an accident which occurred in Sullivan County. Nearly four years after commencement of the first action and more than three years after instituting the second, and when the actions, upon consolidation, were about to be reached in Sullivan County, and would be greatly delayed if removed to Queens County, plaintiffs brought this motion. The moving papers name two eyewitnesses, but neither resides in either Sullivan County or Queens County, and three treating or consulting physicians, residing in Queens County; but as to each of these five witnesses the affidavits are fatally defective in referring to the anticipated testimony in only the baldest and most conclusory fashion and are not materially fortified by the scanty opinions of medical causation appearing in appended letters; in failing to disclose the facts to which the witnesses will testify, so that the materiality thereof to plaintiffs' case might be appraised; and in omitting any factual showing of merits generally. (See 74 A. L. R. 2d 64, § 11, and New York cases cited; 6 Carmody-Wait, New York Practice, § 45, pp. 143–146, and cases sited; Tripp, A Guide to Motion Practice [rev. ed.], p. 55, and cases cited; and cf. *Condon* v. *Schwenk,* 10 A D 2d 822.) Further, the denial of the motion was in part predicated upon the conclusion that the ends of justice would best be served by trial in Sullivan County and we are not disposed to disturb the exercise of discretion inherent in that determination. Order unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Reynolds and Taylor, JJ.